IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

IN RE CHASE ROLLINS EDWARD,

Petitioner,

vs.

BLACKFEET FAMILY COURT, JESSI L. FOOTE,

Respondents.

**No. CV-26-261-GF-BMM**

**ORDER**

## INTRODUCTION

Petitioner Chase Rollins Edward filed an amended petition for writ of prohibition, on June 12, 2026, pursuant to Fed. R. App. P. 21, against Blackfeet Family Court (the "Tribal Court") and Jessi L. Foote seeking to prohibit the Tribal Court from adjudicating a divorce and child-custody matter pending before it between Edward and Respondent Foote. (Doc. 8 at 1.) Edward further seeks an order from the Court rendering "null and void" all previous orders issued by the Tribal Court. (*Id*. at 2.) The Tribal Court filed a motion to dismiss the petition on July 30, 2026. (Doc. 18.) Foote filed a motion to dismiss the petition on July 9, 2026. (Doc. 16.) The Court will address both motions.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a plausible claim for relief on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must "take[ ] as true and construe[ ] in the light most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v.*

*City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citing *Halkin v. Verifone Inc*. 11 F.3d 865, 868 (9th Cir. 1993)).

## DISCUSSION

The Court first must address the question of federal court jurisdiction. The Court recognizes that jurisprudence within federal Indian law has recognized that federal courts may review in limited circumstances a tribal court's exercise of jurisdiction over nonmembers. *See Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985). The Court remains skeptical regarding application of this line of jurisprudence to the dispute between the parties. The Court determines, however, that it need not address that jurisprudence at this time.

Edward files his petition for writ of prohibition pursuant to Fed. R. App. P. 21. Fed. R. App. P. 21 concerns writs of mandamus and prohibition, and other extraordinary writs filed before a United States court of appeals. The District of Montana includes no courts of appeal. This Court, though it may exercise an appellate level of review according to *National Farmers*, remains a district court. Fed. R. App. P. 21 represents an inappropriate vehicle to obtain the type of

supervisory review authorized by federal Indian law authority. Edward cites no cases that have approved of such a procedural tactic. Edward provides no examples of district courts permitting this type of petition to review a tribal court's exercise of jurisdiction.

Indeed, Edward cannot properly follow the procedures outlined by Fed. R. App. P. 21. Rule 21(a)(1) states that [a] party petitioning for a writ of mandamus or prohibition directed to a court must file the petition with the *circuit clerk* . . ..” (emphasis added). Fed. R. App. P. 21. Both the Tribal Court and Foote highlight this improper procedural vehicle in their respective motions to dismiss. (Doc. 19 at 23-24; Doc. 16 at 5-7.) Edward responds that it would prove “absurd to require [Edward] to file an original case with this Court to question the validity of the tribal court's actions.” (Doc. 17 at 6.) The Court agrees with Edward that he could not properly file for dissolution in federal court. Edward also cannot properly file in a district court a petition designed with exclusive jurisdiction in the United States courts of appeal. Edward conflates the level of review afforded to federal courts as permitted by *National Farmers* with a procedural mechanism exclusive to United States courts of appeal. The Court cannot properly accept Edward's petition pursuant to Fed. R. App. P. 21.

The Court briefly notes that the supervisory review imagined by *National Farmers* remains limited to circumstances when a petitioner first has exhausted

tribal remedies. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987). The prudential exhaustion requirement remains subject to limited exceptions. *See Nat'l Farmers,* 471 U.S. at 857 n. 21; *Iowa Mutual*, 480 U.S. at 15-16; *Strate v. A–1 Contrs.,* 520 U.S. 438, 459 n. 14 (1997); *Nevada v. Hicks,* 533 U.S. 353, 369 (2001). Edward makes no substantive argument that exhaustion proves inappropriate here or that one of the limited exceptions applies. The Court declines to explore such potential arguments as Edward has failed to pursue them. The Court notes that the Blackfeet Appellate Court had a scheduled hearing for August 12, 2026, "on the most recent order concerning jurisdiction." (Doc. 19 at 18, Ex. 17.) Edward must either exhaust these tribal court remedies before pursuing relief in this Court or persuasively argue that the limited exceptions found in the case law allow him to avoid the exhaustion requirement. The Court declines to address the parties' other arguments at this time.

Accordingly, **IT IS ORDERED** that Respondent Foote's Motion to Dismiss (Doc. 16) is **GRANTED**. **IT IS FURTHER ORDERED** that Respondent Blackfeet Family Court's Motion to Dismiss (Doc. 18) is **GRANTED**. The Court additionally **DISMISSES** as moot Petitioner Edward's Motion for Order/Judgment (Doc. 9). The Clerk of Court is directed to close this case.

DATED this 18th day of August, 2026.

Brian Morris, Chief District Judge
United States District Court